### DEMPSEY v. EBERSPACHER.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

NEGLIGENCE (§ 80*)—CONTRIBUTORY NEGLIGENCE.

Plaintiff maintained in front of her premises a board walk three or four feet wide, in which there was a trapdoor opening into the cellar, which plaintiff had for some time wrongfully maintained in a dangerous condition, extending about an inch above the surface of the walk. *Held*, that she could not recover from defendant for breaking a plate glass

window in the front of the premises, where the accident occurred by his tripping over the projection of the trapdoor.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 84; Dec. Dig. § 80.*]

Appeal from Municipal Court of New York.

Action by Theresa Dempsey against Frederick Eberspacher. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Frederick W. Clifford, for appellant.

J. Harry Tiernan, for respondent.

RICH, J. The Municipal Court justice has found that the breaking was caused by the defendant's negligence. The plaintiff, at the time of the accident, maintained in front of her premises a board walk, three or four feet wide, in which there was a trapdoor opening from the sidewalk into the cellar. Directly in front of this walk was a dilapidated stone walk, five or six feet wide, between the curb and the board walk. The trapdoor had been out of repair, and did not close properly, for some time prior to the accident, which occurred by defendant's tripping over a projection thereof, which was about an inch higher than the surface of the walk. The evidence discloses that this trapdoor was wrongfully maintained in a dangerous condition by the plaintiff, and she should not be permitted to recover for the consequences of her own wrongful act.

The judgment of the Municipal Court must be reversed, and a new trial ordered, costs to abide the event. All concur.